Filed 3/11/25  In re Sofia M. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re SOFIA M., a Person Coming Under the Juvenile Court Law. | B334606<br>(Los Angeles County Super. Ct. No. 23CCJP03568B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>M.M.,<br><br>     Defendant and Appellant. | |

APPEAL from findings and orders of the Superior Court of Los Angeles County, Stephen C. Marpet, Judge Pro Tempore. Dismissed.

Janelle B. Price and Andrew F. F. Toscano, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Melania Vartanian for Plaintiff and Respondent.

_____

Defendant and appellant M.M. (father) appeals from the juvenile court's January 16, 2024, jurisdictional findings and dispositional orders in which his daughter, Sofia M. (minor, born Aug. 2022), was declared a dependent of the court and removed from his custody.

During the pendency of this appeal, the juvenile court terminated jurisdiction and granted minor's mother, E.C. (mother),[1] sole physical and legal custody. Father did not appeal from the order terminating jurisdiction or the juvenile custody order (exit order). Accordingly, we dismiss the instant appeal as moot.

## BACKGROUND

*Dependency Petition*

On October 17, 2023, the Los Angeles County Department of Children and Family Services (DCFS) filed a dependency petition seeking the juvenile court's exercise of jurisdiction over

---

[1] Mother is not a party to this appeal. We refer to father and mother, collectively, as the parents.

minor and her half-sister, J.R. (born June 2019),[2] pursuant to Welfare and Institutions Code section 300, subdivisions (a) (nonaccidental serious physical harm) and (b)(1) (failure to protect).[3]  Counts a-1 and b-1 alleged that the parents had a history of engaging in violent altercations in the presence of minor and J.R.

*Adjudication Hearing*

At the adjudication hearing held on January 16, 2024, the juvenile court sustained the counts alleged in the petition.  The court declared minor a dependent under section 300, subdivisions (a) and (b)(1), and removed her from father's custody.  The court placed minor in mother's home under DCFS supervision.  Father was granted monitored visitation and ordered to participate in a 52-week domestic violence class for perpetrators, a parenting class, and individual counseling.

*Appeal*

Father filed a timely notice of appeal from the jurisdictional findings and dispositional orders.

---

[2]    Father is not J.R.'s parent, and J.R. is not a subject of this appeal.

[3]    All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

*Termination of Jurisdiction*[4]

At the section 364 judicial review hearing held on July 16, 2024, the juvenile court terminated its jurisdiction and awarded mother sole physical and legal custody of minor.  The court stayed the order pending receipt of an exit order.  On July 19, 2024, the court received, signed, and filed the exit order, and lifted the stay on the termination of jurisdiction.  The exit order grants father monitored visitation with minor a minimum of once per month for two hours.  Father did not appeal the order terminating jurisdiction or the exit order.

## DISCUSSION

### I. *Applicable Law and Standard of Review*

It is a court's duty, including in the dependency context, """to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it."' [Citation.]"  (*In re D.P.* (2023) 14 Cal.5th 266, 276.)

---

[4]     On February 11, 2025, we granted DCFS's motion for judicial notice of postjudgment evidence.  (Evid. Code, §§ 452, subd. (d), 459, subd. (a); *In re M.F.* (2022) 74 Cal.App.5th 86, 110 ["While appellate courts rarely consider postjudgment evidence or evidence developed after the ruling challenged on appeal, such evidence is admissible for the limited purpose of determining whether the subsequent development has rendered an appeal partially or entirely moot"].)  We also invited the parties to file supplemental briefs addressing whether any issues raised in this appeal had been rendered moot by the juvenile court's termination of jurisdiction and issuance of an exit order.  Both parties filed supplemental letter briefs.

4

"Due to the dynamic nature of juvenile dependency proceedings, a subsequent order of the juvenile court may render an issue on appeal moot.  [Citation.]"  (*In re M.F.*, *supra*, 74 Cal.App.5th at p. 110.)  In particular, "[a]n order terminating juvenile court jurisdiction generally renders an appeal from an earlier order moot."  (*In re Rashad D.* (2021) 63 Cal.App.5th 156, 163 (*Rashad D.*).)

"[T]he critical factor in considering whether a dependency appeal is moot is whether the appellate court can provide any effective relief if it finds reversible error."  (*In re N.S.* (2016) 245 Cal.App.4th 53, 60.)  "For relief to be 'effective,' two requirements must be met.  First, the plaintiff must complain of an ongoing harm.  Second, the harm must be redressable or capable of being rectified by the outcome the plaintiff seeks. [Citation.]"  (*In re D.P.*, *supra*, 14 Cal.5th at p. 276.)

A reviewing court must "'decide on a case-by-case basis whether subsequent events in a juvenile dependency matter make a case moot and whether its decision would affect the outcome in a subsequent proceeding.'"  (*In re D.P.*, *supra*, 14 Cal.5th at p. 267.)  If an appeal is moot, the "reviewing court must decide on a case-by-case basis whether . . . to exercise discretionary review to reach the merits[.]"  (*Id.* at p. 287.)

II.  *Analysis*

The termination of dependency jurisdiction and issuance of an exit order have rendered father's appeal moot.  (See *Rashad D.*, *supra*, 63 Cal.App.5th at p. 163.)  Although father satisfies the first effective-relief requirement in that the challenged jurisdictional findings led to an exit order that adversely affects his custody and visitation rights (see *In re D.P.*, *supra*, 14 Cal.5th at p. 277; *Rashad D.*, at p. 159), he does not

meet the second requirement because his failure to appeal from the exit order means that the "ongoing harm" (*In re D.P.*, at p. 276) to those rights is not redressable.

"[F]or this court to be able to provide effective relief, the parent must appeal not only from the jurisdiction finding and disposition order but also from the orders terminating jurisdiction and modifying the parent's prior custody status. Without the second appeal, we cannot correct the continuing adverse consequences of the allegedly erroneous jurisdiction finding." (*Rashad D.*, *supra*, 63 Cal.App.5th at p. 159; see also *In re Gael C.* (2023) 96 Cal.App.5th 220, 225 (*Gael C.*) ["in the absence of an appeal from the order that created the restriction [a parent] wants revised, he fails to demonstrate that this court can provide any relief that will have "'a practical, tangible impact'" on that legal status"].)

Father urges us to decide his appeal on the merits, contending that he "has been stigmatized by the findings that he put his child at risk of both accidental and non-accidental harm." We decline to exercise discretionary review. (See *In re D.P.*, *supra*, 14 Cal.5th at p. 287.) The challenged jurisdictional findings and dispositional orders are not "based on particularly pernicious or stigmatizing conduct." (*Id.* at pp 285–286.) Nor does father's case "present[] an issue of broad public interest that is likely to recur[.]" (*Id.* at p. 282.)

Following *Rashad D.* and *Gael C.*, we conclude that by not appealing the exit order, father "'forfeited any challenge to'" the juvenile court's prior jurisdictional findings and dispositional orders. (*Gael C., supra,* 96 Cal.App.5th at p. 225.) Accordingly, we dismiss his appeal.

6

## DISPOSITION

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST

We concur:


_____, P. J.
LUI


_____, J.
RICHARDSON

7